# Kellett, Appellant, v. Freeman.

*Practice, C. P.—Judgment—Opening judgment—Affidavit of defense.*

Where the court makes absolute a rule for judgment for want of a suf-
ficient affidavit of defense, and before the judgment is actually entered a
rule to open the judgment is granted, to which an answer is filed, and on
the same day a supplemental affidavit of defense is filed, and all this is
done in the same term, the later proceeding is rather in the nature of, and
is to be governed by the rule relating to a motion for leave to file an ad-
ditional affidavit of defense than one to open a judgment, notwithstanding
plaintiff's answer to the rule to open; and if the amended affidavit sets
forth a good defense, an order making absolute the rule to open the judg-
ment will not be reversed.

*Payment—Equity—Set-off.*

Where payments have been made under a legitimate and fair effort to
protect the ascertained interests of the party paying and when intervening
rights are not legally jeopardized or defeated, such payments, whatever
might be their effect in law as extinguishing the indebtedness to which
they apply, will not be so regarded in equity, if contrary to equity to regard
them so.

Argued Nov. 19, 1901.   Appeal, No. 40, Oct. T., 1901, by
plaintiff, from order of C. P. Delaware Co., Dec. T., 1901, No. 85,
making absolute a rule to open judgment in case of James Kel-
lett v. Edwin C. Freeman.   Before RICE, P. J., BEAVER, OR-
LADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Rule to open judgment.

JOHNSON, P. J., filed the following opinion:

On September 8, 1900, a rule for judgment for want of sufficient affidavit of defense was made absolute by an opinion filed September 8, 1900.

On September 27, 1900, on petition a rule to show cause why the judgment should not be opened and defendant let into a defense and allowed to file a supplemental affidavit of defense.

This rule was asked and granted upon defendant giving bond to secure plaintiff from loss if the judgment should be sustained. At the same time the following affidavit was filed:

"Edwin C. Freeman, the above defendant, being duly affirmed according to law, deposes and says that he has a just and legal defense to the whole of the plaintiff's claim in above case, the nature and character of which is as follows, and hereby files this his supplemental affidavit of defense:

"That the above plaintiff was the contractor for part of the work as appears by the plaintiff's statement and the affidavit of defense filed in this suit.

"That the said plaintiff applied for material from Ogden & Company; that said Ogden & Company, not being entitled to file a mechanic's lien against the buildings and premises, were unwilling to furnish the material unless the defendant would become responsible therefor which the defendant did by signing a paper, a copy of which is hereto annexed.

"That the check for $100, referred to in plaintiff's statement was given to the plaintiff for the express and agreed purpose of relief of plaintiff's obligation to them. Plaintiff in violation of his agreement did not pay the said check over to Ogden & Company, but attempted to divert the same to his own use and your deponent therefore refused to pay said check.

"Since the filing of the former affidavit of defense your deponent was required by said Ogden & Company to pay and has paid to them a bill of $259.41 which was for materials furnished to said plaintiff for the erection and construction of the buildings referred to in plaintiff's statement of claim and for which the plaintiff was indebted to said Ogden & Company, which amount the said plaintiff admitted was due and owing by him to said Ogden & Company on an account stated between them for materials furnished to plaintiff for said contract. Your deponent is advised and believes he is entitled to a credit on plain-

tiff's claim for the said sum so paid Ogden & Company or to set off the same from plaintiff's demand.

" This deponent further says in addition to the averments in his original affidavit of defense filed in this case that the said plaintiff refused to complete the contract referred to in plaintiff's statement of claim and the defendant has been obliged to expend and has expended in the completion of the same $708, which together with payments made to said plaintiff as the work progressed and the said sum of $259.41 paid to Ogden & Company as set forth, amounts to the sum of $18.00 more than the total amount coming to said plaintiff and owing to him, for which the plaintiff is indebted to the defendant and for which defendant will ask for a certificate against said plaintiff.

" All of which this deponent says is true and that he expects to be able to prove the same to be true on the trial of the above cause.

" Affirmed and subscribed before me this 27th day of September, A. D. 1900.            EDWIN C. FREEMAN."
     " A. J. DALTON,
          " Dept'y Proth'y.

Copy of paper to Ogden & Company :

                    " SWARTHMORE, PA., August 8th, 1899.
" C. G. OGDEN & Co.

" Gentlemen :—You may furnish lime, sand, stone, cement, etc., required for building four houses to be erected corner, College and Maple avenues, Swarthmore, Pa., and I will see that the same is settled for.
                    " Very truly yours,
                         " EDWIN C. FREEMAN."

To this affidavit the plaintiff replied. He does not deny that the material paid for by the defendant to Ogden & Company did not go into the houses, or that he was not claiming to recover in part from the defendant for the very material which the defendant says he paid Ogden & Company for. He merely says : " If the said defendant entered into any obligation to pay for the materials furnished deponent it was without deponent's knowledge or consent."

The gist of the defense to this part of the claim is this: Plaintiff agreed to build certain houses for defendant and furnish the materials. That Ogden & Company from whom plaintiff had purchased materials refused to deliver them without defendant would give an order for their payment.

That on August 8, 1899, he gave a written order for material in which he agreed to see that the materials were paid for. The materials were delivered to the plaintiff and put in the houses.

When suit was brought this material, to the amount of $259.41, had not been paid for. After the suit was brought and since the court made the rule for judgment for want of a sufficient affidavit of defense absolute, the defendant was required by Ogden & Company to make payment. He says he has paid this sum of $259.41 and asks to have the judgment opened and let into a defense.

The plaintiff objects for two reasons:

1. That he was under no obligation to pay—is a mere volunteer; would not be entitled to subrogation and therefore not entitled to this set-off.

2. That he had not paid Ogden & Company at the time suit was brought.

As to the first reason:

"Where a payment has been made under a legitimate and fair effort to protect the ascertained interests of the party paying and when intervening rights are not legally jeopardized or defeated, such payment, whatever might be their effect in law, as extinguishing the indebtedness to which they apply, will not be so regarded in equity, if contrary to equity to regard them so:" Mosier's Appeal, 56 Pa. 81.

Is he not within this rule? He did pay Ogden & Company. It was his interest to pay. There are no intervening rights. It would be inequitable to deprive him of the right to set-off this payment.

I do not think the fact that he had not paid Ogden & Company when the suit was brought makes any difference.

The debt was due and he was under obligation to pay.

And now, January 24, 1901, the judgment is opened and defendant let into a defense.

*Error assigned* was the order of the court.

*A. B. Geary*, for appellant.—The plaintiff filed an answer to the petition and denied specifically all of the averments contained in the petition and supplemental affidavit of defense and no testimony was offered in support of the rule. The rule, therefore, should have been discharged: Applegate v. Cohn & Berger, 1 Pa. Superior Ct. 174; Pfaff v. Thomas, 3 Pa. Superior Ct. 419; Cooke v. Edwards, 15 Pa. Superior Ct. 412.

*O. B. Dickinson*, for appellee.—The granting of a reargument and permission to file a supplemental affidavit is within the discretion of the court.

Neither the act of May 20, 1891, nor the act of April 4, 1877, takes away the discretion vested in the court or the control over its judgments: Pfaff v. Thomas, 3 Pa. Superior Ct. 421.

OPINION BY BEAVER, J., January 21, 1902:

September 8, 1900, after argument upon a rule for judgment for want of a sufficient affidavit of defense, the court below, in an opinion filed, made the rule absolute. Before judgment was entered, in pursuance of the order, a petition was filed and rule granted to show cause why the judgment should not be opened, proceedings to stay, etc., and on the same day a supplemental affidavit of defense was filed. The court ordered a reargument. An answer to the defendant's petition to open was filed by the plaintiff and, after careful consideration, in an opinion which fully recites all the facts, the judgment was directed to be opened and the defendant let in to a defense.

It will be observed that judgment had not yet been entered upon the decree making absolute the rule to show cause why judgment should not be entered for want of a sufficient affidavit of defense. The term had not passed and the judgment, even if it had been entered, was within the control of the court. Not having been entered, however, the proceeding was rather in the nature of and is to be governed by the rule relating to a motion for leave to file an additional affidavit of defense than one to open a judgment. There can be no question whatever but that the court had authority to make the decree complained of. The amended affidavit sets forth a good defense, if the

averments therein contained are to be taken as true. This is the general rule and there is no good reason why, under the circumstances, it should not be done in this case, notwithstanding the plaintiff's answer. The judicious exercise of the discretion which the court undoubtedly had is abundantly shown in the opinion filed.

Decree affirmed.